William J. Regal, J.
This is an appeal from a Justices’ Court of the Town of Cheektowaga convicting the defendant-appellant of violating article 2 (§ 3, subd. a) of the New York State Thruway Rules and Regulations (N. Y. Off. Comp, of Codes, Rules & Regulations [13th Off. Supp.], p. 1105) in that on October 9,1961, the defendant-appellant deposited only 10 cents in the city line toll barrier instead of the required 15 cents.
The counsel for the defendant-appellant has raised a number of legal questions including the contention that the green “thank you lights” located at the end of each toll island constitute an invitation to proceed, or as counsel suggests, an “entrapment”. It appears from the testimony of the State Trooper, who prosecuted this case on behalf of the People, that in the present case the light turned green before the defendant-appellant proceeded ahead.
Although this court does not base its decision upon this contention it must agree that the general approach area of this particular toll barrier creates a picture of confusion and uncertainty, particularly so to an out-of-State driver or an infrequent user. It does not seem proper to this court that an agency can create a situation whereby some combination of coins less than the required amount will trip the toll device to signal a green light and then hold the driver responsible for making an improper deposit. Traditionally, in our accepted traffic system, a green light means go while a red light means stop. A green light plus a flashing ‘1 thank you ’ ’ signal could very easily lull a driver into a false sense of compliance. If perchance one proceeding into the island would not know the correct fee or if he accidentally, or even as a result of a bad aim, deposited an *996 incorrect amount, he would be justified in proceeding ahead when the light turned green.
Certain other questions of law are presented on this appeal, but in view of my finding that the guilt of the defendant is contrary to the weight of evidence, I will not consider the other questions.
The defendant-appellant who is the business manager of a local contracting concern, took the stand in his own behalf and under oath testified as follows:
1 ‘ I stopped and put in three nickles. I threw three nickles in, and the light was red and I waited until it turned green ’ ’. (See p. 9 of transcript.)
“ I have no marks on my license ” (see p. 9).
In effect, we have the categorical and forthright statement of a respected citizen of our community that he deposited the proper fee. His statements were not impeached nor was his veracity attacked by the prosecution. His words are certainly entitled some degree of belief and credibility. In his testimony, he goes on to say on page 11 that he is reimbursed for any tolls he pays by his employer. In the opinion of the court, this fact tends to mitigate any intention or motive he may have to defraud the State of New York of 5 cents.
Considering the cumulative effect of his entire testimony, the court finds that the People have not sustained their burden of proving the defendant guilty beyond a reasonable doubt. The conviction is reversed on the facts and the information ordered dismissed, and the fine remanded to the defendant.